## IRA DAVIS *vs.* SETH BARTON.

Where B. owed D., both on note and book, D. commenced two suits, one on book and one on note. B. filed a declaration in offset on book to the action of D. on note. Held, that, in such case, B. could not apply his account on the note in this manner.

Davis commenced two actions against Barton at the same time ; one on book, returnable to the county court, and one on two notes of hand, before a justice of the Peace. This last action was by Barton appealed to the county court, and there he filed thereto his plea in set off on book, which is the last entitled case above mentioned. In the county court, both in this action on book in favor of Davis and this plea in offset in favor of Barton, were sent to the same auditor who made therein two reports. In the first cause he reported that Davis' account was entirely for labor to the amount of $221 15. That he had credited Barton all Barton had charged him except a certain charge of 50 cents, and had also credited Barton much that Barton had not charged. Copies of the

accounts were annexed.   He further reported the following facts:     BENNINGTON,
*February*,
1836.
Davis
vs.
Barton.
Previous to 13th July, 1833, Davis had labored for Barton 14
months and was to receive part in cash and part in barter pay—
that, at said date, the parties settled the cash part of the contract
and Barton gave Davis a note of $15 for the balance thereof then
due.   The barter part remained unsettled.   They then contracted
for another year's labor, the pay to be as before.   It was also
agreed between them, that if either of the parties became dissat-
isfied, he might close the contract.   Previous to the expiration of
the year, Davis, fearing he should not get his pay for his labor,
requested security of Barton who refused to give it.   Davis then
commenced this suit and labored no longer. . During the term of
service Barton had paid Davis several sums, part of them cash and
part barter, all of which Davis credited on book, and part of which
Barton, had charged.   It did not appear that any directions were
given at the time of the payment of said sums, as to their applica-
tion, but on trial Barton claimed that the cash payment should ap-
ply on the aforesaid note of $15, and Davis claimed that it should
apply in account with the other payments towards his labor.   The
auditor did apply it in account and found a balance in favor of Da-
vis, on book, of $101 89.   As to the declaration in offset on
book in favor of Barton against Davis, the auditor reported that
Barton had no cause of action, that his whole account had been
allowed already by deducting it from the account of Davis in his
action on book.   In the county court exceptions were filed to these
decisions of the anditor, but the county court accepted both said
reports and rendered judgment for Davis in both cases, to which
Barton filed exceptions, and the causes passed to this court.   These
two cases were heard together.

*Swift for the defendant.*—In relation to the first case insisted,
1st, It is believed and contended that the said auditor greatly
erred and mistook the principles of the law in making his said re-
port, particularly in the allowance of the plaintiff's charge for 11
months and 16 days' work.   As it appears from the said report
that the said work was performed under a contract madebetween
the plaintiff and defendant, that the plaintiff should labor in the
employment of the defendant for the term of one year, at the
rate of $150 per year, or as stated in the account, at $12 1-2
per month ; and it also appears from the said report, that previous
to the expiration of the said year, the said plaintiff, without the
consent or even knowledge of the defendant, quitted the employ-

BENNINGTON,
February,
1836
Davis
vs.
Barton.

ment of the defendant, abandoned his labor, and instituted this suit; and although it appears stated in the said report, that it was agreed between the said parties, that if either of them became dissatisfied, he might close the contract—but how that auditor gained a knowledge of this agreement, whether by intuition or otherwise, he does not state—yet such an agreement, if made, ought to have a reasonable as well as legal construction, and it could not be supposed, that it was meant to be extended beyond a fair and suitable trial.   But however that might be considered, the law would doubtless imply and impose the duty upon the party who became dissatisfied, to give a reasonable notice to the other party, before he could so close the contract; and as it does not appear in this case, that he ever gave any such notice before he left the defendant's employment, except a claim or requisition for security, made by him upon the very day on which he so left, which does not appear to be warranted by the terms, nor form any of the stipulations of the contract or agreement between them; and it also appears, that on the very same day, without any other notice, he not only left the defendant's employment as above, but also actually instituted and commenced, not only this suit, but also one other suit, (where one would have answered for all his claims) which it is further contended, that he could not have done before such notice nor during the subsistence of that contract, or before the expiration of the year or the said term of service contracted for.—1 Sw. Dig. 197 —6 Vt. R. 39, *Hair* vs. *Bell*—12 John. R. 165, *McMillan* vs. *Vanderlip*—Do. 273, &c.—13 John. R. 53, *Thorpe* vs. *White et al.*—Do. 94, *Jennings* vs. *Camp*—Do. 390, *Webb* vs. *Duckingfield*—Mass. Cases, &c. &c.

It is also believed and contended, that the said auditor erred and mistook the law in allowing to the plaintiff the whole amount of his account; whereas it appears by the said report, that a part thereof was, by the agreement of the said parties, to have been paid in barter or collateral articles of property by the defendant; and it also appears from the said report, as claimed and contended by the defendant, that there was no evidence adduced before him, nor any pretence on the part of the plaintiff, that the defendant ever declined or refused the payment of the said barter or collateral property, or that the same was ever demanded of him by the plaintiff, any further than what was paid to him, &c.

In relation to the case of *Barton* vs. *Davis*, Mr. SWIFT remarked:

In this case it is believed and contended, that the auditor, in

making his report, hath erred and mistaken the rules and principles of the law, in disallowing, or rather rejecting the plaintiff's account, as it appears from his report and a simultaneous report made and presented by him in another case between the same parties, to which he therein refers, that the only reason for his said disallowance or rejection, was that the said Ira claimed, at the time of the hearing or trial thereon had before him, that the said account of the plaintiff should apply upon or in payment of his the said Ira's book account against him the said Seth, for labor and services by the said Ira, claimed to have been performed by him for the said Seth, and upon which he, the said Ira, had instituted his suit against the said Seth, then pending, without any agreement having been made between the said parties anterior thereto, or any previous notice given by the said Ira to the said Seth to that effect, or that the same should so apply, although the said Seth had, long antecedent thereto, claimed or signified his intention as to the application thereof, and pleaded the same in offset to a suit also brought by the said Ira against the said Seth, then also then pending on two promissory notes, and in payment of which the said Seth claimed that the articles charged in said account were originally intended to apply to the amount and in satisfaction of the same, and that his declaration in this case was filed with the view to the application of his said offset, which facts were stated and made known to the said auditor at the time of the hearing previous and the making of his said report, and so, as he considers, *therein substantially appear.*

That the rule of law, as claimed and contended by the plaintiff, is, that where delivery or payment of money or other articles of property are made by one to another, he who pays or delivers the same hath a right to direct as to their application at all times, if no agreement between the said parties and no application hath been otherwise made.

And it is also considered by him as a settled rule, authorized and warranted expressly by statute, that where there are mutual accounts existing between two parties, each hath a right (unless otherwise agreed) to bring and sustain his several and separate suit upon their respective accounts, and to treat them as entirely independent, and that one is no bar or abatement of the other.— See Stat. p. 138—also 2 Sw. Sys. p. 171.

*Mr. Sargent for Davis.*—First in relation to the case of *Davis vs. Barton,* the report shows a claim for services at a stipulated

HARVARD LAW SCHOOL LIBRARY

BENNINGTON,
*February,*
1836.

Davis
*vs.*
Barton.

BENNINGTON,
February,
1836.

Davis
vs.
Barton.

price, and it is objected that the plaintiff's action is prematurely brought.

That difficulty is obviated by the usual stipulation, that either party might end the contract at pleasure, by which it stands as any other contract for services, the law implying a promise to pay. And if the plaintiff *was* bound to receive barter pay, he had already received it.

As to the monies credited, we claim, that inasmuch as the defendant did not elect to apply them on the notes at the time of payment, the plaintiff had a right to apply the same towards his labor and credit accordingly—2 Vt. Rep. 283. *Briggs vs. Williams et al.*

In relation to *Barton vs. Davis.* This is a declaration on book, plead in county court in offset to a suit on note, claiming the same items credited in the book action, *Davis vs. Barton,* except a single item and that not supported by proof.

No honest motive could have prompted this declaration whilst a book action was pending in the same court between the same parties.

The auditor found it was the original intention of the parties to apply these items in offset to the claim of Davis, where he had honestly credited them.

The opinion of the court was delivered by

COLLAMER, J.—As to the case on book, *Davis vs. Barton,* several questions are started. It is insisted that Davis could not sustain the action, inasmuch as he had not labored out the last year, for which he contracted, before his suit was commenced. The auditor however reports that it was further agreed between them, that either party could end the contract at his own pleasure ; therefore Davis had the right to do so *unconditionally,* and he so did. But it is further to be observed, that Davis' account for his two first years' labor was fully due and unsettled, except the money part which was put into note. This was a sufficient foundation for the action when commenced, and even the last service was fully due before the auditor's setting, and by the very terms of the statute he must include all accounts *then* due. It is next insisted, that Davis was to receive part in barter pay, and that such part ought not to be included in the report and judgment, as it was not due when suit was brought. It appears by the report, that Davis was to receive part in barter pay, but what part does not appear. It seems by the report and account annexed, that he received

over one hundred dollars in pay other than money, and that he was
bound to receive any more does not appear, and this court always
accept and render judgment on a report unless it appears wrong.
If Barton had the right to make payment, further in collateral or
specific articles, it must have been at the end of the service, in
July 1834. It must, therefore, have been all overdue when the
auditor made his report, and was, therefore, properly included.

In relation to the case of *Barton* vs. *Davis,* Barton had some
account against Davis, all of which Davis had credited on account
to him. When Davis commenced his two suits, Barton pleads his
account in offset to the action on note with a view to overbalance
that and cast Davis in a bill of cost. This is not a case within
the statute where a defendant, in book debt action before a justice,
is permitted to sue for his account which has not been allowed him
by a plaintiff. In this case Barton's account was all credited by
Davis. Nor is this a case where Davis actually owed Barton a
balance on book and so Barton needed to take measures for his own
security ; for it fully appears that Barton owed a balance to Davis.
Nor had Barton any right to apply his account or any part of it
on the note, where it was not so directed at the time of delivery.
Had such been its direction on delivery, it would have been *pay-ment,* not matter in account, and would have been good on a plea
of payment or on the general issue, but could not have been prop-er in account. The moment Barton insists upon it as matter in ac-count that settles it as not a payment or application on note, and
leaves it in account, of which no application can be made until a
*balance* in account is found. That *balance* could be found only
on examination of the whole accounts between the parties. This
balance turns out to be against Barton, and whether so found on
an audit on the suit on book or on the declaration in offset on
book, it is equally fatal to Barton applying any thing on the note.

Judgment affirmed.