Massmann v. Holscher et al.

BERNARD MASSMANN, Defendant in Error, *v.* FREDERICK HOL-
SCHER *et al.,* Plaintiffs in Error.

1. *Promissory notes — Escrow — Oral proof — Written contract, when varied
by.*—A promissory note may be delivered to a stranger, to be held by him as
an escrow, to take effect on the happening of a future contingent event. But
where it was held by the payee, the doctrine of escrow can not arise; and
no fraud being charged, proof of an oral agreement by which the note was to
become legally binding, not from its delivery according to its tenor, but on
the happening of a certain contingency, is inadmissible. Such testimony
varies the effect of a written contract.

| | |
|---|---|
| 49 | 87 |
| 61a | 493 |

| | |
|---|---|
| 49 | 87 |
| 142 | 299 |
| 142 | 305 |

| | |
|---|---|
| 49 | 87 |
| 83a | 508 |

| | |
|---|---|
| 49 | 87 |
| 95a | 496 |
| 97a | 313 |

| | |
|---|---|
| 49 | 87 |
| 101a | 254 |

*Error to Sixth District Court.*

*J. B. Henderson,* with *Fagg,* for plaintiffs in error.

The question here is not whether the writing is to be contra-
dicted or explained, but whether the written note was ever deliv-
ered to the plaintiff as a complete and executed instrument. It
is surely competent to show by oral testimony that a note sued on
was never delivered. To show the character of the possession of
a written instrument sued on, does not change, vary or contradict
the writing itself. (1 Greenl. Ev., § 204 ; 17 Mo. 79 ; 29 Mo.
465; 11 Pet. 83; 11 Wend. 310, 533 *c;* 2 Conn. 352; 2 Beas-
ley, N. J., 455 ; 2 Phill. Ev. 671, 674, and authorities cited ;
19 Ala. 203.) Where a deed is delivered on a contingency,
until the contingency happens there is no delivery. (10 Mass.
458 ; 13 Johns. 285; 18 Johns. 544; 4 Monr. 500–3; 2 N.
H. 71 ; 5 Conn. 559; 2 Johns. 248 ; 9 Mass. 307; 5 Mumf.
160 ; 3 N. H. 432.) Oral testimony is competent to show that
a note was given on a contingency never performed. (Goddard
v. Cutts, 2 Fairf. 442 ; Vallet v. Parker, 6 Wend. 615 ; Wood-
hull v. Holmes, 10 Johns. 231 ; 1 Strange, 674.)

*Buckner* and *Stewart,* for defendant in error.

CURRIER, Judge, delivered the opinion of the court.

This suit is founded upon two promissory notes drawn by the
defendants and payable to the plaintiff. The defendant Holscher
answered separately. He admitted the signing of the notes and
their delivery to plaintiff, to whom they were payable. He then
proceeds to allege that his signature was obtained through the

false and fraudulent representations of the plaintiff, and details the circumstances which are relied upon as showing the alleged fraud. Among other things it is averred that Holscher signed and delivered the notes to the plaintiff, under an arrangement and verbal understanding with him that the notes should be signed by one Hase, and if not so signed that they should be considered as inoperative and void. It is also averred that Hase never executed the notes, and that Holscher was a mere accommodation-maker.

At the trial the court gave and refused instructions upon the theory that in the absence of actual fraud the notes were binding on Holscher, although never signed by Hase, and notwithstanding the existence of the supposed verbal understanding cotemporaneous with the execution of the notes. This theory Holscher's counsel combats.

The trial was by the court, and the result reached negatives the allegations of fraud. There being no fraud, and the notes having been duly signed and delivered to the plaintiff (the payee), the question arises whether oral evidence was admissible to prove the alleged understanding in regard to their execution by Hase; that is, that the notes were delivered to the plaintiff to become operative as binding contracts alone, upon their contingent execution by said Hase.

Upon the face of the notes they were legally operative from the moment of their delivery. The proposition, therefore, is to show by oral proof that they were not to take effect from their delivery according to their tenor, but at some time in the future, the particular time depending upon a contingent event. What is that but a proposition to vary the legal effect of a written instrument by oral evidence? The notes were absolute upon their face; by the oral proof it was proposed to be shown that they were not absolute, but conditional, their operativeness depending upon extrinsic facts.

But the general rule on this subject undoubtedly is that "if there be a contract which has been reduced to writing, verbal evidence is not allowed to be given of what passed between the parties, either before the written instrument was made, or during the time that it was in a state of preparation, so as to add to or

subtract from, or in any manner to vary or qualify, the written contract." (Goss v. Nugent, 5 Barn. & Ald. 58). The defendants' oral evidence is excluded by this rule, for it was designed to limit and qualify the written contract. Of course the rule does not apply where fraud, want of consideration, and the like, are alleged as showing that the contract never had any legal validity. (1 Greenl. Ev., § 284.) But that is not the question now under consideration. It is not objected that the issue of fraud was improperly submitted to the jury, or to the court discharging the functions of a jury.

My conclusion, then, is, that the facts relied upon to defeat the notes cannot be shown by oral evidence. The object of the verbal testimony was to vary the legal effect of the notes in two particulars: first, by postponing the time of their taking effect; and, secondly, to make their taking effect at all dependent upon the occurrence of a future contingent event. (See Smith v. Thomas, 29 Mo. 307.)

Most of the authorities cited by the defendants' counsel relate to escrows. An escrow is defined to be a "deed delivered to a stranger, to be by him delivered to the grantee upon the happening of certain conditions, upon which last delivery the transmission of title is complete." (Bouv. Law Dic.) But a note as well as a deed may be delivered as an escrow, and the law of escrows is substantially the same in both cases. (1 Pars. Notes and Bills, 51.) In either case it is necessary that the instrument, in the first instance, should be delivered to a stranger; that is, to a person not a party to the contract. Neither a note nor deed can be delivered to the grantee or promisee to be held by him as an escrow. (1 Pars. Notes, 51, § 7; Couch v. Meeker, 2 Conn. 302; Bradley v. Bentley, 8 Verm. 246; Badcock v. Steadman, 1 Root, Conn., 87.)

It was decided in Indiana that a deed might be delivered to a stranger, to take effect upon a condition to be subsequently performed; but that if it be delivered to the obligee (in that case the contract was for the sale of personal chattels) upon such contingency, the condition is a nullity and the first delivery absolute. (Foley v. Cowgill, 5 Blackf. 20.) In that case the obligation was delivered directly to the obligee, and the contract

was held to be legally effective from the date of such delivery, notwithstanding the oral condition. So here, the notes were not delivered to a third party, but to the payee himself; and the oral condition, therefore, according to the Indiana case, was a nullity and the delivery absolute. In other words, an obligation to be delivered as an escrow must be delivered to a third party, and not to the obligee.

With the concurrence of the other judges, the judgment will be affirmed.