WILLARD FRISSELL, Respondent, v. SIMON MAYER, Appellant.

<div style="float:right">13 331<br>83 508</div>

**February 27, 1883.**

1. EVIDENCE. — Parol evidence is inadmissible to vary or contradict the terms of a contract in writing.

2. —— The maker of promissory notes cannot, when sued thereon by the payee, set up a contemporaneous oral agreement that the notes were not to be paid.

APPEAL from the St. Louis Circuit Court, THAYER, J.
*Affirmed.*

J. B. WOODWARD, for the appellant: Parol evidence, showing the instruments never had any legal existence, either by reason of fraud or want of consideration, is admissible. — 1 Greenl. on Ev., sect. 284; *Perry* v. *Central S. R. Co.,* 5 Coldw. 138; *Brick* v. *Brick,* 98 U. S. 516; *Black* v. *Shreve,* 2 Beas. 455; *Grierson* v. *Mason,* 60 N. Y.

394. To show, as desired by this plea, the character of the possession of the written instrument sued on, does not change, vary, or contradict the writing itself, and in view of the independent facts desired to be shown, this effort of the respondent is a fraud upon the rights of appellant. — *Jones* v. *Jeffries,* 17 Mo. 79; *Carter* v. *McClintock,* 29 Mo. 465; *Ennerwalt* v. *Kohn,* 98 Pa. St. 369. The notes, being in the hands of the original payee, as between these parties, rank no higher in point of obligation than a simple contract, and in this respect are in no way to be distinguished from it except on their face. They import consideration, but this may be explained. — *Gahn* v. *Numcrurz,* 11 Wend. 312. A party may have relief against an express deed, as. where it is shown to have been a mortgage, or where the representations to purchaser were fraudulent. — *Monell* v. *Colden,* 13 Johns. 395; *Russell* v. *Rogers,* 15 Wend. 351, 357; *Johnson* v. *Miles,* 14 Wend. 199.

Charles M. Napton and David Murphy, for the respondent: Parol evidence is never admissible for the purpose of discharging the parties to a written contract. — *Thompson* v. *Davenport,* 2 Smith's Ld. Cas. 371; *Mossman* v. *Holcher,* 49 Mo. 87; *Jones* v. *Jeffries,* 17 Mo. 577; *Blackburn* v. *Harrison,* 39 Mo. 303; *Inge* v. *Hance,* 29 Mo. 399; *Cuthbert* v. *Bowie,* 10 Ala. 163; *Ferris* v. *Ludlow,* 7 Ind. 517.

Bakewell, J., delivered the opinion of the court.

This was an action upon five several negotiable promissory notes, all made by defendant to the order of plaintiff.

The answer, after a general denial, sets up that the notes were executed under the following circumstances: About February 1, 1871, plaintiff negotiated with Einstein and Mandel, who were then co-partners, for the sale by him and purchase by them of certain real estate; and, on the same day, plaintiff sold this real estate to Einstein and Mandel for $4,000. The purchasers paid $1,000 cash. It was

agreed between plaintiff and these purchasers, for their mutual convenience, that plaintiff should not convey the property directly to them, but to a "joint agent and trustee," who should appear as grantee in the deed and who should make and deliver in his own name the notes for the deferred payments and the deed of trust to secure these notes; that defendant was selected as the "joint agent and trustee." The deed was made to him in accordance with this agreement, and he executed and delivered to plaintiff one note for $3,000, and also ten interest notes for $270 each, being some of the notes sued on herein, and a deed of trust to secure the notes upon the property conveyed to him. It was further agreed between plaintiff and Einstein and Mandel, at the time of the sale and subsequently thereto, that Einstein and Mandel would pay all of said notes at maturity; and, in pursuance of this agreement, plaintiff collected several of the interest notes as they matured. Defendant undertook said agency and trust at the request of plaintiff and Einstein and Mandel, and upon their joint representation to him that he was not to be held personally responsible for his acts in the premises so done and to be done at their instance and request; and all his acts in the premises were done without any consideration moving to him from either of said parties. It was expressly agreed between plaintiff, Einstein, and Mandel, and defendant, that defendant was simply their "joint agent or trustee," and not responsible to either of them for either the sale or purchase price of said real estate or the payment of any of the notes growing out of the transaction.

On the trial, plaintiff introduced the principal note and four interest notes in suit. Indorsements of credits by proceeds of sale under the deed of trust appeared on the notes. Defendant offered to show, by oral testimony, the facts set up in his answer. The court excluded the testi-

mony, as tending to contradict the written contract shown by the notes.

There was a finding and judgment for plaintiff for the amount appearing to be due upon the notes in suit.

We see no error in the action of the trial court in rejecting the oral testimony. Its admission would have been in violation of the rule that parol contemporaneous·evidence is inadmissible to contradict the terms of a valid written instrument, in an action between the parties to the instrument.

Clearly, defendant became responsible to plaintiff personally, immediately and directly, by the legal operation of the written words he had subscribed. It is well settled that, whatever authority the signer may have to bind another, if he does not sign as agent, he binds himself, and no other person. The offer was to show a colloquium between the parties, at the time the notes were signed, for the purpose of substituting a new and different agreement from that manifested by the writing. The defence is not, that there was no consideration to support the contract. On the contrary, the answer states that defendant received a deed for land, and that the notes were given for the deferred payments of the purchase-money. There can be no doubt of the purport and effect of the notes, unless the court is to look outside of them, and listen to oral statements to make out that the notes, which on their face are the contract of defendant, are not his contract at all, but the contract of another man.

The rule as to oral evidence does not exclude oral evidence of independent facts which tend to avoid the effect of a contract by showing failure of consideration or fraud practised upon the promisor to induce him to enter into the agreement. But the answer does not set up this defence.

If such testimony as was excluded in this case were competent for the purpose for which it was offered, writing

might as well be dispensed with in making agreements. Defendant receives a deed for land and executes notes for the purchase-money, which he secures by mortgage on the property purchased. When sued on these notes executed by him, he says that it was orally agreed at the time that he, the maker of the notes, should not pay them, but that they should be paid by another person for whom defendant says that he was acting in the whole transaction. This is to change the purport and effect of the written instrument, and to impose upon it a sense which its terms do not imply, and which its terms repel. The offer is not to show a fact collateral to the contract and no part of it, — as where one of two who are joint makers of a note offers, as between himself and his co-maker, for the purposes of contribution, to show that he was a surety of the other, — but is directly to contradict the instrument, and to show that, whilst the writing shows that defendant made a promise, he made no promise, and that the promise which the writing shows to be his, was not his promise, but that of another. We see no error in the record. The judgment will be affirmed. All the judges concur.