S. C. WOODSON, Executor, Respondent, v. T. H. RITCHIE, Appellant.

Kansas City Court of Appeals, May 20, 1889.

1. **Bills and Notes**: DEFENSE THAT NOTE WAS GIVEN AS RECEIPT: FAILURE OF CONSIDERATION: INSTRUCTION TO FIND FOR PLAINTIFF: CASE ADJUDGED. The defense to an action on a promissory note was that the same was executed and delivered without consideration in that the testatrix, at the time of the execution thereof, was indebted to the defendant and discharged the same, and in consideration thereof it was then agreed that defendant would execute and deliver the said note "to be held by her as and for a receipt for such payment." At the trial there was a total failure of proof to support the vital issue, that the note was executed and delivered "to be held as and for a receipt," and it was proper to instruct the jury to find for the plaintiff.

2. ———: EVIDENCE TO SUSTAIN FAILURE OF CONSIDERATION. While if proper facts were pleaded and proved, the defense of a failure of consideration is available, yet in a case like this, where the payee of the note is dead, such defense should not be countenanced unless sustained by the clearest and most convincing proof.

3. ———: EVIDENCE TO VARY: DEFENSE. It seems admitted law that where a note is in the usual form and regularly delivered, parol evidence can not be admitted to prove any special purpose directly repugnant to the terms of the note, as a *contemporaneous* agreement that it should stand in place of a receipt, and it may well be questioned, whether the facts pleaded in the defendant's answer, if true, constituted a valid defense, and as there was no evidence to support the answer, there is no ground to complain of the instruction given.

*Appeal from the Buchanan Circuit Court.*—HON. OLIVER M. SPENCER, Judge.

AFFIRMED.

*Green & Burns,* for the appellant.

(1) The appellant, for reversal of this case, relies upon the recognition of elementary law and the application of well-established principles. The appellant

asks the court to recognize as law, that between the original parties to a note the consideration can be inquired into without violating the rule that parol testimony is inadmissible to vary the terms of a written contract, and that the jury, and not the court, is the tribunal to pass upon the weight of the evidence.  (2) The consideration received for a promissory note is a matter of inquiry between the original parties, and a failure of consideration is a good defense. *Liebke v. Knapp*, 79 Mo. 22. (3) The voluntary and intentional destruction of a note prevents a suit at law being maintained thereon under our statute. *State v. Halstead*, 7 Cowen, 322; *Blade v. Noland*, 12 Wend. 173; Edwards, Bills and Notes, sec. 420; R. S. 1879, sec. 2854. (4) When evidence tending to establish a valid defense is introduced, the jury, and not the court, will be the tribunal to decide. *Grady v. Ins. Co.*, 60 Mo. 116.

*Woodson & Woodson*, for the respondent.

(1) "A defendant, while admitting that he executed a promissory note with full knowledge of its terms, and of every fact connected with it, can not by parol contemporaneous testimony transform such note into a mere memorandum or receipt for money." *Dickson v. Harris*, 13 N.W. Rep. 335 ; s. o., 60 Iowa, 727 ; *Weaver v. Farris*, 85 Ill. 356 ; *Billings v. Billings*, 10 Cush. 178 ; *Underwood v. Simonds*, 12 Metc. 275 ; *Sylvester v. Stape*, 44 Me. 496 ; *Cooper v. Tappan*, 4 Wis. 362 ; *Hightower v. Ivy*, 2 Porter (Ala.) 308 ; *Cupuy v. Gray*, Minor, 357 ; *Atherton v. Dearmond*, 33 Iowa, 353 ; *Atkinson v. Blair*, 38 Iowa, 156 ; *Barhydt v. Bonney*, 55 Iowa, 717 ; *Ins. Co. v. Homer*, 9 Metc. 39 ; *Jones v. Shaw*, 67 Mo. 667 ; 3 Ran. Com. Paper, sec. 1899.   (2) " Where the receipt of the money, at the time of the execution of the note, is admitted, parol evidence to show a contemporaneous agreement, that would transform the note into a receipt, can not be admitted under the

pretext of proving that the note was without consideration." *Dickson v. Harris*, 13 N. W. Rep. 335; *Atherton v. Dearmond*, 33 Iowa, 353; *Barhydt v. Bonney*, 55 Iowa, 717; *Weaver v. Farris*, 85 Ill. 356; *Shaw v. Shaw*, 50 Me. 94. We call the court's attention specially to the case of *Dickson v. Harris*, 13 N. W. Rep. 335. (3) 'The defendant admits that he received one thousand dollars from Hannah Thornton when he executed the note. The fact of the receipt of this money, in connection with the contemporaneous execution of the note, raises a legal presumption that the one thousand dollars constituted the consideration of the note. To rebut this presumption, the defendant claims that he may prove a contemporaneous agreement, showing the transaction to be altogether different from what the law imports, and which would, in fact, transfer the note into a mere memorandum of a different agreement. This can not be done under the pretext of showing a want of consideration." *Dickson v. Harris*, 13 N. W. Rep. 337; *Atherton v. Dearmond*, 33 Iowa, 353; *Barhydt v. Bonney*, 55 Iowa, 717; *Weaver v. Farris*, 85 Ill. 356; *Shaw v. Shaw*, 50 Me. 94. The court will observe that defendant admits he received the one thousand dollars, and that he executed the note in suit therefor, promising to pay Hannah Thornton said sum, together with ten per cent. interest thereon per annum. Now if he is permitted to plead want of consideration, he must either deny that he received the one thousand dollars, or that the note was intended as a receipt; if he pleads the former, then that plea is inconsistent with the plea that he received the money. He can not blow hot and cold, he either received the money, or he did not receive it. If on the other hand, the defendant is permitted to plead that the note was intended as a receipt only, and not a promise to pay, then he would be permitted to contradict the terms of a written contract. Not only that, but to substitute one written contract for another written contract. *Dickson v. Harris*, 13 N. W. Rep. 336;

*Sprague v. Rooney*, 82 Mo. 493; *Stirling v. Winter*, 80 Mo. 143 (bottom of page). (4) It is a firmly settled principle that parol evidence of an oral agreement, alleged to have been made at the time of the drawing, making, or indorsing of a bill or note, can not be permitted to vary, qualify, or contradict, to add to, or subtract from, the absolute terms of the written contract. *Dickson v. Harris*, 13 N. W. Rep. 336; 1 Greenl. Ev. [14 Ed] sec. 375; *Bunce v. Beck*, 43 Mo. 266; *Heimrichs v. Gehike*, 56 Mo. 79; *Huse v. McQuade*, 52 Mo. 388.

SMITH, P. J.—Plaintiff, as executor of the estate of Hannah Thornton, deceased, brought this suit in the circuit court of Buchanan county against the defendant on a promissory note for one thousand dollars on which there was a credit endorsed for one hundred dollars. The answer admitted the execution of said note and pleaded as a defense thereto that the same was executed and delivered without any consideration whatever in that the said testatrix at the time of the execution of said note was indebted to the defendant in the sum of one thousand dollars or more, and that she paid defendant in discharge thereof one thousand dollars and that in consideration of the payment of said indebtedness it was then agreed between defendant and her that the defendant would execute and deliver to her said note "to be held by her as and for a receipt" for said one thousand dollars.

The replication was a general denial.

At the conclusion of the evidence the court by an instruction directed the jury to find for the plaintiff. The defendant then filed his motion to set aside said finding and for a new trial, which being overruled, judgment was rendered and from which this appeal is prosecuted here.

The single question upon which our decision is invoked is as to the propriety of the action of the circuit court in instructing the jury to find for the plaintiff.

The execution of the note stands admitted by the answer. It imported a consideration and that it was due and payable as therein specified. R. S. 663 ; *Skinner v. Skinner,* 77 Mo. 155 ; *Taylor v. Newman,* 77 Mo. 263.

Hence the plaintiff's *prima facie* case was admitted by the pleadings and unless it was rebutted and overcome by defendant's evidence it was conclusive. *American Ins. Co. v. Smith,* 73 Mo. 368.

There was no plea of payment or that the note sued on had been voluntarily and intentionally destroyed by the testatrix, the sole and only defense interposed by the answer was that the note had been given without consideration. This was the only issue tendered, and the question is whether there was any evidence adduced by defendant in support of this issue upon which he was entitled to go to the jury.

No witness testified that there was an agreement, or to facts from which the law would imply an agreement between the testatrix and the defendant by which the note sued upon was executed and delivered "to be held as and for a receipt" by her. The evidence does not even squint that way. There is a total failure of proof to support this vital issue tendered by the answer. We have examined the testimony of the defendant's witnesses, including that of three self-confessed harlots who testified in defendant's behalf, and have been unable to find any evidence to maintain the issue for defendant.

It is true there is some evidence that the defendant on one occasion let the testatrix have one hundred dollars which, when considered in connection with the other evidence that there was a credit of one hundred dollars endorsed on said note during the lifetime of the testatrix, is quite a significant fact.

There is also some evidence that the testatrix who was herself the keeper of a house of ill-fame was

indebted to the defendant, who was a dramshop keeper, for liquors sold by him to her. This, with some other evidence of similar pertinency, was wholly insufficient to justify the court in submitting the issues to the jury.

We have no doubt that the consideration of the note sued on was open to inquiry between the parties to this suit, and that the defense of a failure of consideration would be available as a defense to the defendant if proper facts were pleaded and proved. In a case like this where one of the parties to the note, the payee, is dead, unless such defense is sustained by the clearest and most convincing proof it should not be countenanced.

If this case had been submitted to the jury and the verdict should have been for the defendant, it would have been the manifest duty of the court to have set it aside for the reason there was no evidence to justify the same. The binding force of a promissory note can not be set aside and destroyed upon the mere unsustained plea that the parties thereto only intended that the same should have the operative effect of a bare receipt.

The law in its wisdom forbids this. The defendant's contention is that his testimony tended to show, which we think it did not, a want of consideration for said note. The answer admits that defendant received of the testatrix the sum of one thousand dollars when he executed the note. The fact of the receipt of this money in connection with the contemporaneous execution of the note, raises a legal presumption that the thousand dollars constituted the consideration of the note. To rebut this presumption the defendant contends that he may prove a contemporaneous agreement showing the transaction to be altogether different from that the law imports and which would in fact transfer the note into a mere memorandum of a different agreement.

This was not done, and can not be done, under the idea of showing a want of consideration.

The case of *Dickson v. Harris*, decided by the supreme court of Iowa and reported in 13 N. W. Rep.

335, is decisive of this case, and so, likewise, are the cases of *Asherton v. Dearmond*, 33 Iowa, 353, and *Barhydt v. Bonney*, 55 Iowa, 717. In 2 Parsons on Notes and Bills, 501, it is said, "If the defendant endeavors to prove an oral bargain between himself and the plaintiff which differs in its terms from the written note, it will be remembered that it is a firmly settled principle that the parol evidence of an oral agreement, alleged to have been made at the time of the drawing, making or endorsing the note or bill, can not be permitted to vary, qualify, or contradict, add to, or subtract from, the absolute terms of the written contract. The exceptions to this rule are cases of fraud, illegality, or want of consideration." On page 507 of the same work, it is further said, that "parol evidence of the contemporaneous agreement that a note in the usual form was intended to stand in place of a receipt, and that the sum for which it was given was intended as payment of a previous debt of defendant's father, is not admissible," and on page 525 of the same author, it is said, that "in the case of a note in the usual form and regularly delivered, parol evidence can not be admitted to prove any special purpose directly repugnant to the terms of the note."

And a like doctrine has been announced by the supreme court of this state in several cases. *Jones v. Shaw*, 67 Mo. 667; *Smith's Adm'r v. Thomas*, 29 Mo. 307; *Bunce v. Beck*, 43 Mo. 266.

While it may therefore be well questioned whether the facts pleaded in the defendant's answer, if true, constituted a valid defense to the payment of the note sued on, as there was no evidence adduced to support it, we think the circuit court, at least on that ground, was justified in giving the instruction complained of.

It results from these observations that the judgment of the circuit court must be affirmed. All concur.