CHICAGO COTTAGE ORGAN COMPANY, Respondent, v. L. N. SWARTZELL *et al.*, Appellants.

St. Louis Court of Appeals, March 26, 1895.

Promissory Notes: ORAL AGREEMENT FOR ADDITIONAL SIGNATURES. When a promissory note is complete upon its face and has been obtained without fraud, evidence of a contemporaneous oral agreement between the parties to it will not be received to contradict the obligation of the maker, as stated in it.    Accordingly, when such a note has been delivered to the payee upon his contemporaneous oral agreements to procure an additional signature, his non-compliance can not be shown in defense to an action on the note.

*Appeal from the Lawrence Circuit Court.*—HON. W. M. ROBINSON, Judge.

AFFIRMED (BIGGS, J. *dissenting.*)

*Cloud & Davies* for appellants.

We concede that, under the weight of authority, if the note was delivered to the payee, it can not be varied by parol testimony. But see *Ande v. Dickson*, 5 Eng. L. and Eq. 512, cited in *State v. Potter*, 63 Mo. *loc. cit.* 221. But we earnestly urge that the delivery of the note by Morgan for the purpose of getting it completed was not a delivery to the payee, and, *a fortiori*, the delivery by Swartzell before it was completed and signed by Morgan was not a delivery to the payee. A bill or note may be held in escrow until a certain event happens, or certain conditions are complied with.

*Darrock & Clark* for respondent.

Appellant's own testimony shows a delivery of the note to Teeples as the agent of the Chicago Cottage Organ Company, the payee of the note. The note then being delivered to, and in the hands of, the payee, parol evidence was not admissible to show that the note was to become legally binding, not from its delivery according to its tenor, but on the happening of a certain contingency. Such testimony would vary the effect of the written contract. *Henshaw v. Dutton*, 59 Mo. 139; *Smith v. Thomas*, 29 Mo. 309; *Woodson v. Ritchie*, 36 Mo. App. 512; *Massmann v. Holcher*, 49 Mo. 87. The note in this case, being delivered to the payee, can not be treated as an escrow. In order to constitute an escrow, the delivery must be made to a third person. *Massmann v. Holcher*, 49 Mo. 89; *Henshaw v. Dutton*,

59 Mo. 139, p. 143; *Jones v. Shaw*, 67 Mo. 667, p. 670; Daniel on Negotiable Instruments [4 Ed.], sec. 855. A note which, according to its tenor, is an absolute and unconditional promise, can not be varied by evidence of a prior or contemporaneous oral agreement that the note was to take effect only on certain contingencies. *Smith v. Thomas*, 29 Mo. 307; *Harwood v. Brown*, 23 Mo. App. 75; *Reed v. Nicholson*, 37 Mo. App. 646.

BOND, J.—This action was brought before a justice upon a promissory note for $136.10, dated June 10, 1891, and due three months thereafter. Two of the defendants, Swartzell and Morgan, set up as a defense that, when they signed the note, it was agreed between themselves, Browning, the principal maker, and one Teeples, the agent of the plaintiff, that the other defendants were the sureties of said Browning, and that one Darroch should sign the note as cosurety before its delivery. There was a judgment for defendants before the justice, from which an appeal was taken to the circuit court where the case was tried without a jury and a verdict and judgment given in favor of plaintiff, from which the present appeal is prosecuted.

On the trial there was evidence tending to establish the defense made, that the signatures other than that of defendant Browning to the note were made upon the agreement with the general agent of plaintiff, one Teeples, that Darroch should also sign the note before its delivery. It further appeared that the note was presented for signature by said agent to the various signers, and that delivery was made to him after the several defendants had signed under the foregoing agreement.

It is conceded by the learned counsel for appellants

that, if the evidence shows a delivery of the note to the payee—as there is nothing on its face showing it to be incomplete, and no evidence that it was fraudulently obtained—evidence of the contemporaneous oral agreement under which the defendants signed is inadmissible. It is, however, urged that the delivery under the circumstances shown in this case was not a delivery to the payee. That the person who presented the note for the successive signatures of defendants, and who took it after they respectively affixed their names, was the agent of the payee is conceded, and there is no evidence in this record that he took the note in any other capacity. Hence, in legal effect, the delivery, after the several signatures of defendants, was a delivery to plaintiff, and, as the note is formal and complete on its face, parol evidence tending to contradict the liability of defendants, as therein stated, was inadmissible. *Massmann v. Holscher*, 49 Mo. 87; *Henshaw v. Dutton*, 59 Mo. *loc. cit.* 143; *Jones v. Shaw*, 67 Mo. *loc. cit.* 670; *Woodson v. Ritchie*, 36 Mo. App. 512. The result is that the trial judge did not err in refusing the instructions based on a contrary theory. The instructions asked by the defendants do not negative a delivery made by them to the plaintiff, or, what is substantially the same thing, to the plaintiff's agent. They simply rely on the fact that such delivery was conditional, which, under the law as decided in the foregoing cases, is no defense. The judgment of the circuit court is affirmed. Judge ROMBAUER concurs; Judge BIGGS dissents.