## NORWICH UNION FIRE INSURANCE COMPANY, Appellant, v. CHARLES F. BUCHALTER et al., Respondent.

### Kansas City Court of Appeals, March 5, 1900.

Evidence: CONTEMPORANEOUS AGREEMENT: PENAL BOND: DEFENSE. An obligor of a penal bond for the faithful performance of his duty as an agent can not show as a defense that he did not in fact transact the business and collect the money, and that he signed the bond without consideration, at the request of the obligee, for the purpose of having another party do the business in his name, since such proceeding would admit parol evidence of a contemporaneous agreement contradicting a written contract. Adhered to in an additional opinion on motion for rehearing.

Appeal from the Jackson Circuit Court.—*Hon. J. H. Slover*, Judge.

REVERSED AND REMANDED.

*Fyke, Yates, Fyke & Snider* for appellant.

(1) The court erred in permitting defendants, over plaintiff's objection, to offer evidence tending to prove that at or prior to the execution of the bond it was agreed that defendant Buchalter should not be held liable on the bond. The effect of such evidence was to squarely contradict the express terms of the bond. Barton v. Wilkins, 1 Mo. 76; Lane v. Price, 5 Mo. 101; Smith's Admr. v. Thomas, 29 Mo. 307; Bunce, Admr. v. Beck, 43 Mo. 266; Massman v.

Holscher, 49 Mo. 87; Pearson v. Carson, 69 Mo. 550; State ex rel. Yeoman v. Hoshaw, 98 Mo. 358; Tracy v. Iron Works, 104 Mo. 193; Bridge v. Tierman, 36 Mo. 439; Tracy v. Iron Works, 29 Mo. App. 342. (2) The instrument sued on is under seal; it became an executed contract upon delivery and acceptance. No other consideration is necessary to support it. Saunders v. Blythe, 112 Mo. 1; Lindsley v. Brewing Co., 59 Mo. App. 271; City of St. Louis v. Gas Co., 70 Mo. 116; Lancaster v. Elliot, 55 Mo. App. 249.

*Botsford, Deatherage & Young, Karnes, New* and *Krauthoff, A. F. Smith* for respondents.

(1) This is an action on a bond. By the terms of that bond it is provided that the principal and sureties shall be liable "if the above bounden Charles F. Buchalter shall not faithfully perform his duties as agent of the said Norwich Union Fire Insurance Society for Kansas City, Kansas, and vicinity, and shall not duly and punctually account for and pay over," etc. The action is not founded on any failure to "faithfully perform his duties as agent" and there is not a syllable of evidence in the record from beginning to end, tending to show that a dollar's worth of premiums ever passed into Buchalter's hands. (2) The bond sued on was made without consideration, and was made under such circumstances that an attempt to enforce it would be a fraud upon defendant Buchalter. Miller v. Henderson, 10 Serg. & R. (Pa. 1823), 290, 292; Clark v. Partridge, 2 Barr (Pa. 1845), 13, 14; Renshaw v. Gans, 7 Barr (Pa. 1847), 117, 118, 119; Barclay v. Wainwright, 86 Pa. St. 191, 196; Coal Co. v. McShain, 75 Pa. St. 238, 245; Julliard v. Chaffee, 92 N. Y. 529; Baird v. Baird, 145 N. Y. 689; s. c., 40 N. E. Rep. 222; Church v. Case, 110 Mich. 621; s. c., 68 N. W. Rep. 424; Luce v. Foster, 42 Neb. 818; s. c., 60 N. W. Rep. 1027; Massman v. Holscher, 49 Mo. 87; R. S. 1889, sec. 2090; Greer v. Nutt, 54 Mo. App. 4, 7; Harwood v. Brown,

23 Mo. App. 69, 75; Brown v. Weldon, 27 Mo. App. 251, 261.

ELLISON, J.—Plaintiff is an insurance company doing business in the states of Missouri and Kansas. Defendant Buchalter was appointed by plaintiff as its agent in and for Kansas City, Kansas, and as such executed a bond in the sum of $500 with defendant Dunham and one, Lee, as sureties, conditioned that he would faithfully perform his duties as such agent, and that he would duly and promptly account for and pay over to the plaintiff all money and premiums collected by him for insurance risks taken by him. The judgment in the trial court was for defendants.

Defendant Buchalter pleaded and was permitted to give evidence tending to prove substantially the following facts in full defense to the bond. That the plaintiff had as its agents in Missouri, defendants Dunham and said Lee. That desiring to extend its business into the state of Kansas (it being a foreign company) and the law of that state making it unlawful to do business therein except through an agent who was a legal resident of such state, plaintiff appointed Buchalter, who was a resident of said state, as its agent for Kansas City, in that state. That plaintiff did not intend that Buchalter should transact any business in Kansas as such agent, but that the business would be transacted by said Lee and Dunham in Kansas City, Missouri. That while the collections were made and the business in Kansas transacted in his name, yet he, in point of fact, did not collect the money and did not transact plaintiff's business. The answer continuing, states: "That at said time the said Buchalter consented to act as such nominal agent, without any consideration therefor whatever, and at the solicitation and request of the plaintiff the said Buchalter agreed to, and did, sign the bond mentioned in the plaintiff's petition, without any consideration therefor whatever."

The chief question presented is, whether the foregoing should have been permitted to be shown in defense.

We are of the opinion it should not. To permit such defense would violate the fundamental rule that evidence of a contemporaneous contract can not be received to add to, contradict or vary the written contract. Thresher Co. v. Lumber Co., 81 Mo. App. 255; Smith v. Thomas, 29 Mo. 307. This rule is not denied by defendant, but he does not concede its application to the facts herein set out and he cites in his brief some cases which lend more or less support to his contention. They are chiefly from the supreme court of Pennsylvania, a court which regards the rule just mentioned with less strictness than it has been regarded in Missouri. State ex rel. v. Hoshaw, 98 Mo. 361. We can not discover where there is much difference between the facts of this case and those in Smith v. Thomas, *supra*. There the effort was to show that in a certain event only half of the sum promised in a promissory note should be collected of the maker. It is true that one can show a total or partial failure of consideration in defense of his obligation, but here it is not a question of consideration. The consideration is ample, in that defendant admits that he entered into the bond and accepted the agency. The whole case made for defendant is that the written obligation which he executed was not the real contract between the parties.

The result of the foregoing is to reverse the judgment and remand the cause. All concur.

### ON MOTION FOR REHEARING.

ELLISON, J.—We have had the benefit of an elaborate and carefully prepared brief by defendant in support of a motion for rehearing in this cause. In that brief is found an array of authorities, some in cases in equity and some in exceptional cases which ought to go rather to support the rule announced in the foregoing opinion than to overthrow

it; and yet others perhap  opposed to what we have written. But the fact remains, the rule we have announced has resisted the efforts put forth by the victims of hard cases for more than a century.   So that now it ought to be regarded as beyond question that where one makes a written contract who has not been led to make it by accident, fraud or mistake, he can not impeach it by proof of a contemporaneous parol agreement.   To sustain the defense here is to overthrow Smith v. Thomas, *supra*, the facts of which are of interest by way of comparison with the facts in this case.   If the defense in this case is sustained, why may it not be looked to as a precedent for the future surety, who, being pressed, will say that when he signed the note it was verbally understood he was not to be held in any event; or, if held at all, only upon some contingency which has not transpired?   There is no ground for the distinction asserted that the effort here was not to vary a contract by parol, but to show that there was no contract.   The statement is not justified by the patent facts.   There was a contract, fully executed and delivered, but it is said to have been accompanied by an agreement rendering it nugatory.   To allow this would destroy the rule.   The absolute promise in a note can not be changed to a conditional promise by parol.   Jones v. Jeffries, 17 Mo. 577; Jones v. Shaw, 67 Mo. 667; Massman v. Holscher, 49 Mo. 87.

A contemporaneous oral agreement that a note was not to be paid is inadmissible.   Frissel v. Mayer, 13 Mo. App. 331.   If it was permissible to show by parol that a fully executed contract was to be of no effect, then it could be shown it was to be of partial effect.   If this could be shown, then, of course, it could, on the other hand, be shown that there was a contemporaneous parol agreement that it was to be of greater effect than as written.   We are satisfied the motion should be overruled.