NORWICH UNION FIRE INSURANCE ASSOCIA-
TION, Respondent, v. CHAS. F. BUCHALTER,
Appellant.

Kansas City Court of Appeals, June 8, 1903.

1. **Evidence:** PENAL BONDS: CONTEMPORANEOUS AGREE-
MENT: DEFENSE. Insurance Company v. Buchalter, 83 Mo. App. 504, adhered to.

2. **Penal Bonds:** BREACH: AGENT RECEIVING MONEY: DE-
FENSE. While an agent sued upon his bond to an insurance company for the faithful performance of his duties and the collection of and account for premiums, may show as a matter of fact that he collected no premiums, he can not show that it was understood that the premiums collected in his agency on policies signed by him were, in fact, to be collected by another; and such matter constitutes no defense to an action on the bond.

3. ———: ———: EVIDENCE: KANSAS LAW. The law of Kansas requires non-resident insurance companies to have resident agents in order to do any business in that State. In determining the object and purpose of a penal bond given by agent resident in such State to a non-resident insurance company, it is proper to consider the statute and it is held that the object of such a bond is the faithful performance of all the duties of such agent pertaining to the conduct of the company's insurance business in the given locality; and the only duties of such agent that could be performed in the given locality, and the only premiums that could be collected there would be those collected by such agent, since acts performed by non-resident agents are prohibited by the statute; and proof that the premiums were collected by non-resident agents would be in contradiction of the terms of the bond.

4. ———: ———: ———: OBLIGEE'S WAIVER. If, after the execution of the agent's bond to the company, the latter, with knowledge, approves the collection of premiums by others disconnected with such agent within his territory, then such agent would not be responsible on his bond for such collections; but, *contra*, if such third party acted in the agent's name and with his knowledge, as the evidence in the record shows.

5. ———: ———: DEFENSE: KANSAS STATUTE. A bond given by an agent to an insurance company for the faithful performance of his duties in Kansas is considered with the accompanying facts, and *held* not to be a scheme to avoid the statutes of that State, and, therefore, not void.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

AFFIRMED.

*Karnes, New & Krauthoff* and *Willard P. Hall* for appellant.

(1) The bond was given for the purpose of securing the performance by defendant of his duties as agent, and any recovery on said bond must be limited to defendant's failure to perform said duties. The extent of the bond is measured by the extent of said duties, and there can be no liability against defendant for anything upon the bond, unless he himself was liable for the same thing, as agent, outside of said bond. The bond secured the

performance, by defendant, of his duties as agent. It did not purport to create any duties for him to perform, nor to define the duties already assumed by him. Lach v. McVean, 33 Mich. 473; Finley v. Lynn, 6 Cranch 238; Dunbar v. Fleisher, 137 Pa. St. 85; Sewing Machine Co. v. Mullins, 41 Mich. 339; Jordan v. Kavanaugh, 63 Ia. 152; Mayor v. Refrigerator Co., 82 Hun (N. Y.) 553. (2) The bond here refers to a verbal, and not a written, contract, i. e., the contract of agency between plaintiff and defendant. It does not undertake to set out even one single item of said contract, and, therefore, parol evidence is competent to identify and explain said contract. There is here a latent ambiguity open to parol explanation. Miles v. Miles, 30 So. 2, 78 Miss. 904; Fruit Grower's Assn. v. Packing Co., 134 Cal. 21, 66 Pac. 28; Mathews v. Robertson, 87 N. W. 190, 111 Wis. 334; Munford v. Railroad, 70 Tenn. (2 Lea) 393. (3) Upon the undisputed facts defendant never collected one dollar of premiums. He was under no duty to do so, and Lee collected all the premiums sued for, with the knowledge and consent of plaintiff. On those facts defendant was not liable as agent. Plaintiff's only claim was against Lee. 1 Ency. of Law (2 Ed.), 981-983; Whart. on Agency, sec. 277; McCants v. Wills, 4 Rich. (S. C.) 381; Bath v. Caton, 37 Mich. 199; Whitlock v. Hicks, 75 Ill. 460; Campbell v. Reeves, 3 Head (Tenn.) 226; Darling v. Stanwood, 14 Allen 504; Ewell's Evans on Agency, top p. 294, par. g; Daly v. Bank, 56 Mo. 94; Mechem on Agency, sec. 196; Robinson v. Railroad, 30 Ia. 401; Railroad v. Blair, 4 Baxt. 407; Brown v. Lent, 20 Vt. 529; Story on Agency, secs. 201, 217a; Miller v. Bank, 30 Md. 392; Wicks v. Hatah, 62 N. Y. 535; Strong v. Stewart, 9 Heisk. 137; Story on Bailments (9 Ed.), 174; Hoffman v. Parry, 23 Mo. App. 20; Railroad v. Blair, 1 Tenn. Ch. 351; Butler Co. v. Bank, 143 Mo. 13; National S. S. Co. v. Sheahan, 122 N. Y. 461, 25 N. E. 858. (4) The court erred in instructing the jury that defendant was liable if he signed blank policies for Lee

and permitted him to collect the premiums thereon. (5) The trial court erred in refusing to instruct the jury that defendant was not liable for premiums collected by Lee or Lee & Dunham, as agents for plaintiff, under its authority, and to be reported directly to it, and to be accounted for directly with it. Swindle v. State ex rel., 44 N. E. 60; Faurote v. State, 110 Ind. 463, 11 N. E. 472; State v. Granite Co., 117 Ind. 470, 20 N. E. 437. (6) The trial court erred in excluding the Kansas insurance statutes from evidence. The whole transaction was a mere scheme to avoid the effect of those statutes, was in violation thereof, and the bond for that reason alone is void. Newberry Bank v. Stegall, 41 Miss. 142; Daniels v. Barney, 22 Ind. 207; Thorne v. Ins. Co., 80 Pa. St. 15.

*Fyke Bros., Snider & Richardson* for respondent.

(1) There is no ambiguity in the bond. The appellant accepted the appointment as respondent's agent. He countersigned and issued policies, and where an insurance agent issues a policy of insurance, the premium thereon *eo instanti* becomes due and payable to the agent whose duty it is to receive it, and the law authorizes the presumption that he performed the duty that is enjoined upon him. Ins. Co. v. Trimble & Pratt, 86 Mo. App. 546. (2) If he entrusted the policy to another who collected the premium and failed to account for it, it is wholly immaterial. Even if plaintiff knew that appellant expected or intended to entrust the collection of premiums to some third person, such knowledge would not relieve appellant from liability to the plaintiff.

ELLISON, J.—Plaintiff appointed defendant Buchalter as its agent for the transaction of fire insurance business in Kansas City, in the State of Kansas. As such agent he executed to plaintiff a bond with one Lee and one Dunham as his sureties. There was a default in sums collected for premiums on policies issued for

risks within the territorial limits of such agency, and plaintiff thereupon brought this action on the bond. The case was here on a former appeal and is reported in 83 Mo. App. 504. The judgment in the trial court was for the plaintiff.

It appears that by the statute of Kansas a foreign insurance company could not solicit patronage, or issue policies, or transact any fire insurance business, except through an agent who was a resident of that State. In view of that law plaintiff appointed defendant Buchalter its agent, as aforesaid, and he executed the bond upon which this action is based. There is no dispute as to the defalcation; but the defense is founded upon the following grounds: That plaintiff had as its agents in Kansas City, Missouri, the defendants Lee and Dunham, who are the sureties of Buchalter. That desiring to conduct a business in Kansas it appointed Buchalter as its agent and took from him the bond with the verbal understanding and agreement at the time that he should be a mere figurehead; that the business would in fact be done by Lee & Dunham, and that there should be no liability on the bond. That in point of fact the business was all done by Lee & Dunham, or by Lee, after they dissolved partnership. That the collections of premiums which compose the default were made by Lee. There was evidence introduced, together with that offered and ruled out, which tended to prove the foregoing. It was shown that Buchalter received agency supplies from plaintiff, including blank policies and agent's reports, and that in prosecuting or conducting the business in Kansas he took no part in person except that he signed all the policies in blank and delivered them to Lee & Dunham, who would issue them. The usual reports which are required of agents by insurance companies were made out by Lee & Dunham, to which they signed Buchalter's name by means of a rubber stamp procured for that purpose.

By comparing what we have just stated with the

opinion in the case when here before, it will be seen that a part of the defense in the last trial was along the lines presented and determined on the first appeal, viz., that defendant should execute the bond out of mere form, and only as a figurehead, and that no liability should attach to him. We disposed of that view of the case then, and have no reason now to modify what we then said. .

But counsel have advanced additional considerations on the present appeal. It is said that though the bond can not be considered a mere empty form incapable of supporting a liability, and that if Buchalter had performed any duties as plaintiff's agent, he could not have been heard to say that in consequence of a verbal understanding at the time, he was not to incur liability, yet, defendant says, as the truth was he did not collect any premiums, he could show that fact and thus escape from the bond. Undoubtedly he could, for in such case there would be no breach, and therefore no contradiction of the bond. But that is only half of defendant's claim. He maintains that not only could he show that he did not collect any premiums, but it was understood that the premiums which were collected, though arising from business in his agency and on policies signed by him, were to be collected, and were, in fact, collected by Lee & Dunham, the Missouri agents, who solicited and took insurance in his name. We are of the opinion that the law prohibits such defense.

The situation surrounding the parties to the bond and the object sought to be accomplished by them, are proper matters for consideration. From such consideration it is too apparent for dispute, that the object and purpose of the bond, considered apart from any verbal understanding, was that it secured the faithful performance of *all* the duties of an agent pertaining to the conduct of plaintiff's insurance business in Kansas City, Kansas. This is necessarily true, for the reason that

plaintiff could not do any such business except through this defendant, or else through some other resident of Kansas, and there is no pretense of any other. The bond reads that he "shall faithfully perform his duties as agent of the Norwich Union Fire Insurance Company for Kansas City, Kansas, and vicinity, and shall duly and punctually account for and pay over to said company the premiums and moneys collected by him." The only duties of an agent which could be performed in Kansas City, Kansas, and the only premiums which could be collected there would be those performed and collected by Buchalter, since Lee and Dunham, being non-residents, were prohibited by law. It therefore is apparent that proof of the collection of the premiums in question on policies signed by Buchalter as plaintiff's agent in Kansas City, Kansas, by Lee & Dunham on their own account, independent of defendant, would be a contradiction of the terms of the bond.

The position taken by defendant in the trial court and here includes a further consideration. It is this: that though the bond can not be contradicted or added to by prior or contemporaneous understandings or agreements, yet that after its execution Lee and Dunham, and Lee after their dissolution of partnership, collected the premiums on policies with the knowledge and approval of plaintiff; and that therefore defendant can not be held liable for the default.

We will readily concede that if subsequent to the execution of the bond plaintiff authorized or approved of the collection of the moneys due it from the business done within the limits of defendant's agency, independent of and disconnected from defendant, the latter would not be responsible for the default. But there is nothing of that sort in the case. The money collected was reported to plaintiff in defendant Buchalter's name and though these reports were actually made out and sent to plaintiff by Lee & Dunham, yet it was done in Buchalter's name and necessarily the collections, under the

statute aforesaid, must have been made in his name. The truth is that, allowing to defendant everything which with fairness and reason can be allowed in his favor, the business was done by Lee & Dunham, and by Lee afterwards, in his name as agent for the business in Kansas City, Kansas, under his appointment as agent and under his bond for the faithful performance of his duties as such. That the actual work of collection and transmission was performed by others is of no consequence; since to allow it to be would exculpate any agent who engaged clerical help or assistant canvassers for insurance.

Among other things urged by defendant against the judgment is, that "the whole transaction was a mere scheme to avoid the Kansas statutes," and being in violation of the law, the bond was for that reason void. But the plaintiff did not avoid the law. The plaintiff complied with the law by appointing defendant as a resident agent and taking from him a bond to perform the duties pertaining thereto. The things plaintiff did were in obedience to the law. Conceding it to be a fact that plaintiff knew defendant would employ and did employ non-residents to solicit for him and to do his clerical work, yet that would not render the bond void. There is no provision making void, contracts of insurance obtained through solicitors or agents employed in violation of that law. Neither is there a provision of the law making the bond of an agent void if the insurance company permitted him to allow prohibited parties to act for him in procuring business. The law prescribes the penalty for such act to be the cancellation of the right of the guilty party to do further business. As long as the authorities of Kansas did not interfere with the prosecution of the business by forfeiting plaintiff's rights to do further business, no harm could result to others. The rule governing this point may be likened to that in relation to *ultra vires* contracts of private or quasi-public corporations, under

which rule it is held that where there is no provision of law making the contracts void, they will not be adjudged to be by the courts, the remedy being left to the State to interfere by a forfeiture of the charter.    Nat'l Bank v. Matthews, 98 U. S. 621; Drug Co. v. Robinson, 81 Mo. 18; Welsh v. Brewing Co., 47 Mo. App. 608, 618.

In concluding our review of this case we will say that the status of defendant, as fixed by his being appointed plaintiff's agent and executing the bond, can be made clear by the following:    Suppose it had been the law of Kansas that any insurance agent charging an excess of a certain specified rate should incur a penalty to the State of $100, and should be liable to the insured on his bond to his company for the overcharge.    Could he be allowed a defense along the line made in this case? Certainly not.    His status and liability would be fixed by his contract.    Would he be allowed to plead, as was done in this case, that he was only a "nominal agent," and that it was agreed between the insurance company and himself when he accepted the appointment that he was not to be liable on the bond, and that he did not agree, as stated in the bond, to faithfully perform the duties of the agency?    Certainly not.    His status and liability would be fixed by his contract.    But defendant would probably meet this illustration by saying that as to third parties he would be estopped to deny the situation in which he had placed himself, since the State had allowed the business to be transacted, and patrons had taken their insurance on the faith of his being the agent. The illustration nevertheless demonstrates that he was the agent through whom the business was done; and while it may be said that it is the doctrine of estoppel which would prevent the defense made here as to third parties; yet an equally imperative rule of law, founded in sound policy for the protection of contracts, would cut out such defense as to the company itself, since to permit it would contradict and vary the terms of a written contract.    To permit defendant in a suit on this

bond stating that he agreed to faithfully perform the duties of the agency and to pay over to plaintiff premiums and moneys collected by him for insurance risks, to deny in the words of his answer, that "he ever agreed with the plaintiff or any one for it that he would ever perform any duties whatever as agent for the plaintiff," and to deny "that he ever agreed at any time with the plaintiff, or with any one for it, that he would promptly account for and pay over to plaintiff all premiums or money whatever," would be a precedent for permitting the denial of the express terms of any writing signed by the party to be charged. It would permit a defense that a promissory note was accompanied by a verbal agreement that it should not be collected.

In this connection we are not unmindful of argument of counsel that the bond does not read that defendant *would* perform duties, nor that he would collect premiums; but rather that *if* he did those things, he would do them faithfully. But we have already shown that the duties were performed and the moneys collected in his name. Considered in connection with the law of Kansas, in view of which he admits he accepted the agency, the bond must be looked upon as though it read that all premiums would be collected by him and that he would not be responsible therefor. For no one else, as he well knew, could be permitted to collect them. In view of the defense in this case, the query is suggested, why, if the bond was a mere form, was it given at all? Defendant could have been appointed agent as well without a bond.

We have given careful consideration to the oral and written argument of defendant's counsel and our conclusion is that the defense made is not upheld by the law. The judgment is affirmed. All concur.