JONES, Defendant in Error, *vs.* JEFFRIES, Plaintiff in Error.

1. Parol evidence is not admissible to show that the maker of a note, which purports to be payable absolutely, only promised to pay on a condition.

*Error to Franklin Circuit Court.*

This was an action commenced before a justice of the peace by Charles Jones against R. R. Jones and C. S. Jeffries, as joint makers with one Kanada, of a negotiable promissory note. The note was dated December 29, 1842, and was, by its terms, payable absolutely to the order of Charles Jones. At the trial in the Circuit Court, the defendant, Jeffries, offered to prove

by Elisha B. Jeffress, that he did not sign the note until 1847, when, for a consideration, he undertook to guaranty its payment, and promised to pay it, if it could not be made out of the original makers, and not otherwise. The court excluded this evidence and gave judgment for the plaintiff.

*W. V. N. Bay*, for plaintiff in error.

*Jones, pro se.*

GAMBLE, Judge, delivered the opinion of the court.

The only question saved upon the record in this case is, whether the Circuit Court erred in excluding the testimony of Elisha B. Jeffress, offered for the purpose of proving that the note signed by the defendant, which, upon its own face, imported an absolute promise to pay the plaintiff a sum of money, was signed by the defendant for the purpose of binding himself to pay the money only upon the event of the plaintiff being unable to make the money out of the other maker.

It has been repeatedly held, that a maker of a note may show that he executed it as security for another maker, and having established the character in which he became a party to the instrument, he may then show that the payee, knowing the relations subsisting between the different makers, has so dealt with the principal debtor as to discharge the security. But this defence does not vary the terms of the original promise. It admits that the party was absolutely bound to pay the money as the contract was entered into, but relies upon a subsequent discharge. In the present case, the attempt is to make the promise of the defendant, which, by its terms, is absolute, only a promise on condition. This cannot be done. The evidence, therefore, was properly excluded, and the judgment is affirmed.