RUFUS E. HOLMES et al., Appellants, v. J. W. FARRIS, Respondent.

St. Louis Court of Appeals, December 16, 1902.

1. **Action on Note:** FAILURE OF CONSIDERATION. In an action between payee and maker of a note, defendant sought to prove that the paper was given upon the conveyance of title to land ·of the payee on agreement by defendant to attempt to sell the same for account of the payee, failing in which, the land was to be reconveyed: *Held,* that these facts, in the circumstances stated in the opinion, tend to show a failure of consideration.

2. ———: ———: BURDEN OF PROOF. Under section 894, Revised Statutes 1899, a promissory note in Missouri, imports a consideration, until the contrary is shown; and the burden of proof is on defendant to prove a want of consideration.

3. **Parol Evidence:** STATUTORY CONSTRUCTION. A promissory note may not be contradicted by oral evidence of a contemporary agreement that it is not to be paid according to its terms, but this rule does not forbid proof of want or failure of consideration· (Revised Statutes 1899, section 645).

4. **Promissory Note:** ACTION ON NOTE: EVIDENCE: PROOF: PRIMA FACIE CASE. In a suit upon a note whose execution is admitted, the payee makes out a prima facie case by the production of the note.

5. **Practice, Appellate:** REVIEW OF ACTION OF TRIAL COURT: ERROR: PRESUMPTION. In cases where the appellate court has authority to review the facts, it may discard incompetent evidence without reversing the judgment on that account; but in an action at law, upon trial by the court, the admission of incompetent evidence is reversible error unless the appellate court is convinced that no prejudice resulted therefrom to the party appealing.

6. ———: ———. Error is presumed to be prejudicial until it is clearly shown to be harmless.

Appeal from Laclede Circuit Court.—*Hon. L. B. Wood-side,* Judge.

REVERSED AND REMANDED.

*White & M'Cammon* for appellant.

(1)   The contract, the note sued on, was plain and unambiguous in its terms, and the testimony squarely contradicts it.   It is an agreement to pay, and the evidence offered is to the effect that it was not to be paid, except upon certain conditions.   The note, the deed of trust and the deed embodied the entire transaction and left nothing to be added.   It was a complete contract in all its terms.   The note was due in three years, a contract not to be formed within a year.   Being thus within the statute of frauds, oral testimony could not be invoked to add another stipulation.   (2)   A trust, such as sought to be shown in this case, is within the statute of frauds and must be in writing.   R. S. 1899, sec. 3416; Rogers v. Ramsey, 17 Mo. 598; Wies v. Heitkamp, 127 Mo. 23.   (3)   If, in order to attack the consideration of the note, the defendant seeks to show the deed for which it was given is without consideration, he is equally at variance with the authorities.   The recited consideration in a deed may be explained; a different consideration may be shown; or an additional one.   But it can not be shown that there was no consideration, so as to create a resulting trust.   Weiss v. Heitkamp, 127 Mo. 30; Bobb v. Bobb, 89 Mo. 41.; Rogers v. Ramey, 137 Mo. 608.   (4)   Nor can a consideration be shown inconsistent with the terms of the grant.   Nor attack to defeat the operative words of the deed.   Nor in any manner that would show a resulting trust.   Bobb v. Bobb, supra; Hickman v. Hickman, 55 Mo. App. 303; McConnell v. Brayner, 63 Mo. 464. (5)   In other words, the defendant can not be permitted to say that he paid nothing for the land, and that therefore a trust results in the grantor.   He receives the beneficial interest in the land and therefore his note

is supported by a good consideration. He can not show a resulting trust, any more than he can show an express one, though in this case the answer attempts to plead an express trust.

*J. W. Farris* pro se.

(1)   The suit at bar is a simple action on a note between the original payee and payor, and is governed by the law merchant, and not by the law affecting real property.   Owings v. McKenzie, 133 Mo. 323; Hawes v. Hunholland, 78 Mo. App. 493.   (2)   It is a principle of law, universally recognized, that a note without consideration, unless in the hands of an innocent holder, can not be recovered upon.   "A note without consideration, the original object of its making having failed, should be returned to the maker."   Bank v. Dreyfus, 82 Mo. App. 399; Danford v. Crookshanks, 68 Mo. App. 311; Creasey v. Gray, 88 Mo. App. 454; Leavitt v. Taylor, 163 Mo. 158; Borgess Investment Company v. Vette, 142 Mo. 560.

BARCLAY, J.—Plaintiff brought this action by a petition in the ordinary form upon a promissory note, expressed to be for value received, whereby defendant promised to pay to plaintiffs or bearer, November 1, 1899, $400, with interest, etc.   The note was dated Kansas City, Missouri, October 23, 1896.

The answer of defendant admits the execution of the note, alleges that it was given "without any consideration whatever," and then sets up a special defense to the effect that plaintiffs conveyed to defendant a certain tract of land to be sold for them by him and that defendant executed to plaintiff a note for $400, secured by a deed of trust on the land, neither deed nor note to be binding unless the land was sold, which it was not; and that when the note became due and the land remained unsold, defendant tendered back to plaintiffs the deed to said land, which they refused to accept, but foreclosed the deed of trust, and recovered the land.

The cause was tried by the court, a jury having been waived.

Plaintiffs introduced the note with indorsements showing that a credit of $25 had been given defendant on the note by the last foreclosure sale of the land to plaintiffs, June 25, 1900.

Defendant was then sworn on his own behalf. Plaintiffs objected to any evidence by him on the ground that he sought to contradict the written instrument by parol evidence, and that the statute of frauds was a bar on the ground that the note was not to be performed within a year and hence that any oral modifications or additions thereto must be shown in writing. These objections were made preliminary to any testimony of the defendant.

The substance of defendant's testimony is that he had been a loan agent for Holmes & Company of Kansas City, and that they afterwards became Holmes Brothers. He had made a loan upon some land (120 acres) near Richland, Missouri. The loan becoming due the mortgage was foreclosed, and Mr. Ed. Holmes in consequence bought in the land at the sale. Mr. Holmes complained that the loan had been a bad one, whereupon plaintiff said that he thought that the land was easily worth the debt. Mr. Holmes then desired defendant to take it for the debt. Defendant declined to do so, but said he would try to sell it for them. It was then agreed between Mr. Holmes and defendant that the land should be "deeded" to the defendant and the latter would give to plaintiffs the note in suit, secured by deed of trust on the land. It is to be inferred that this would be the purchase price in event of a real sale; and meanwhile defendant was to pay interest to plaintiffs at six per cent per annum while the note ran, namely for three years. This he did and he also paid the taxes for the same period. In case the land was sold the note was to become effective but if it was not sold then plaintiff was to make no claim on account of the principal thereof.

It does not seem essential to narrate the full particulars of the evidence. It certainly tended to show a want of consideration for the paper sued upon in the failure of the sale, the prospect of which was the moving inducement to the making of the note.

But in the progress of the trial, and against the earnest objection and repeated exception of counsel for plaintiffs, the defendant was permitted to state that it was a part of the agreement that the note should not be paid, in case the land was not ultimately sold.

Plaintiffs put in evidence all the documents appertaining to the original transaction, including a quitclaim deed to defendant and his deed of trust to their trustee, securing the said note.

No other contradiction of defendant's version of the affair was given in evidence.

No instructions were asken or given on either side.

The trial court found for the defendant and plaintiffs appealed, after the usual formalities.

1. The precedents in Missouri are firmly anchored to the rule of law that a promissory note, even in the hands of the original payee, may not be contradicted by oral evidence of the maker to the effect that the note was not to be paid according to its terms. The reasons of this rule have been so often stated that we do not consider it necessary to go over that ground again. Jones v. Jeffries, 17 Mo. 577; Smith's Admrs. v. Thomas, 29 Mo. 307; Jones v. Shaw, 67 Mo. 667; Gardner v. Matthews, 81 Mo. 627; Sigler v. Booze, 65 Mo. App. (K. C.) 555.

2. The foregoing rule, however, does not forbid the appropriate application of the Missouri statute concerning proof of want or failure of consideration. The law on that subject is expressed by a section the greater part of which has been for many years in force, as follows:

"Whenever a specialty or other written contract for the payment of money, or the delivery of property, or for the performance of a duty, shall be the foundation

of an action or defense in whole or in part, or shall be given in evidence in any court without being pleaded, the proper party may prove the want or failure of the consideration, in whole or in part, of such specialty or other written contract.'' R. S. 1899, sec. 645; R. S. 1845, ch. 136, sec. 21.

It is competent for a maker of a note as against the payee to show that there was no consideration in whole or in part for the instrument sued upon, with a view either to defeat or to reduce the recovery claimed thereon, as the case may be.

Upon the facts disclosed by this record we are of opinion that there was testimony from which a court might reasonably find there was a failure of consideration for the paper which was the foundation of the action. Chicago Title & Trust Co. v. Brady, 165 Mo. 197 (65 S. W. Rep. 303). At the same time we hold that several items of evidence which the court admitted conflicted with the principle of law declared in the first paragraph of this opinion.

We can not know what weight or influence the court gave to the incompetent facts which were so gleaned from defendant as a witness at the last trial.

It is now a settled doctrine of our procedure that where error appears it is presumed to be prejudicial unless the appellate court can clearly see that it was harmless. State v. Taylor, 118 Mo. 153.

The learned trial judge sat as a jury in this case. As he permitted the incompetent facts aforesaid to be given in evidence, it is fair to assume that he gave weight to those facts in forming his judgment.

Where an appellate court has lawful authority to pass upon the facts on appeal it may discard incompetent evidence and pronounce its conclusion upon the legal testimony remaining, as is often done in equity cases. Padley v. Neill, 134 Mo. 375; Supreme Lodge v. Schworm, 80 Mo. App. (St. L.) 64.

But this is an action at law. We can not be sure that the incompetent testimony was disregarded by the

court. If any inference on that point may be drawn we should infer that it was considered along with the other testimony.

The recital of value received, as the consideration of a note such as that in suit, may be disputed (under the Missouri law quoted) by proof, otherwise competent. But evidence of an agreement by which a note is not to be paid according to its tenor and terms is incompetent to support a plea of want of consideration.

There is no plea or contention by defendant of any fraud as a defense. So the items of defendant's own testimony as to agreements contradicting the note and its promise to pay, were clearly inadmissible.

If there is a consideration for the note then such an agreement would be wholly nugatory. If, on the other hand, the note was without consideration (or the consideration failed) the agreement that the note should not be payable would add nothing to the inference of the law from that fact.

3. The plaintiffs made out a prima facie case by the production of the note which, under our state law as well as by the law merchant, import a consideration until the contrary is shown. R. S. 1899, sec. 894.

The burden of proof was upon defendant to establish by a preponderance of the evidence the want of consideration he alleged. The trial court found in his favor on that issue, but did so after admitting into the scales of justice the items of testimony which we find were not entitled to a place there. What weight was given to those incompetent items of proof we may not know. We can not justly pronounce their admission harmless. Bank v. Froman, 129 Mo. 427; Shoe Co. v. Hillig, 70 Mo. App. (St. L.) 309.

The judgment is reversed and the cause remanded for a new trial. *Bland, P. J.,* and *Goode, J.,* concur, the latter in reversal only not in holding that defendant may not show the note was not to be paid unless he sold the land.

OPINION ON MOTION TO MODIFY JUDGMENT.

PER CURIAM.—It is competent as between the payee and maker of a negotiable promissory note to prove by oral testimony, want or failure of consideration. Sec. 645, R. S. 1899; Cheatham v. Hill, 29 Mo. 311; Howard v. Brown, 23 Mo. App. (K. C.) 69; Chicago Title & Trust Co. v. Brady, 165 Mo. 1. c. 208. And for the purpose of showing want or failure of consideration it is competent to prove the contract out of which the note grew. Chicago Title & Trust Co. v. Brady, supra; Leighton v. Bowen, 75 Me. 504; Coal & Iron Co. v. Willing, 180 Pa. 165; Gale v. Harp, 64 Ark. 462; Juilliard v. Chaffee, 92 N. Y. 529; Shoe & Leather Nat. Bk. v. Wood, 142 Mass. 563; Trustees v. Hoffman, 95 Mo. App. 488.

The answer of defendant is as follows:

"1.    Now comes the defendant, and for his answer to plaintiffs' petition, admits that he executed the note sued on.

"2.    Defendant, further answering, says that said note was given without any consideration whatever and is now in the hands of the original payees, who are the plaintiffs, and that there is nothing due on said note.

"3.    Defendant, further answering, states to the court that plaintiffs conveyed to him a certain tract of land for him, the defendant, to sell for plaintiffs, and the amount for which plaintiff had taken said land on a loan debt, was $400, and that this defendant executed the note sued on for said sum of $400, and gave a deed of trust on said land. That neither the deed to defendant nor the note to plaintiffs were to be binding on the parties, unless this defendant succeeded in selling said land, which he failed to do. That when said note became due, defendant tendered plaintiffs a deed to said land without any cost, which they refused to accept, but incurred an expense of $50 in such foreclosure, and charges the same to defendant, which is unjust, and was wholly unnecessary. That plaintiffs have recovered

said land, and lost nothing by this defendant, and he owes them nothing.

"4.   Defendant denies every act and every allegation in said petition not herein specifically admitted, and having fully answered asks to be discharged with costs."

Had defendant stopped with the second paragraph of his answer we think he might have shown the contract out of which the note grew, if the contract proved or tended to prove want of consideration for the note.

The third paragraph is a statement in detail of the facts of the transaction and alleges "that neither the deed to defendant nor the note to plaintiffs were to be binding on the parties, unless this defendant succeeded in selling said land, which he failed to do." In other words, it is alleged that the note was to be paid only on the happening of a contingency. It is well-settled law in this State that oral evidence is not admissible for the purpose of proving that a negotiable promissory note, absolute on its face, was to be paid on the happening of any contingency. Jones v. Jeffries, 17 Mo. 577; Foote v. Newell, 29 Mo. 400; Massmann v. Holscher et al., 49 Mo. 87; Conrad v. Howard, 89 Mo. 127; Henshaw v. Dutton, 59 Mo. 139; Henshaw v. Dutton, 67 Mo. 666; Jones v. Shaw, 67 Mo. 667; Hurt v. Ford, 142 Mo. 283; Ins. Co. v. Buchalter, 83 Mo. App. (K. C.) 504; Barnard State Bank v. Fesler, 89 Mo. App. (K. C.) 217.

By the third paragraph of his answer the defendant has so qualified his defense, "that the note was given without any consideration," as to show affirmatively that what he means by want of consideration is that the note was not to be paid unless he succeeded in selling the land, that is, the note was to be paid only on the happening of a contingency, and that the contingency upon which the note was to become payable has not happened.

The third paragraph of the answer negatives the plea of want of consideration for the note and discloses that the defense relied upon by defendant was that the

note was to be paid only on the happening of a contingency, to-wit, that defendant could succeed in selling the land. We think the answer fails to state any legal defense to the note. The defendant may be able to so frame his answer as to state a valid defense.

The motion to modify the opinion heretofore filed is overruled and the judgment is reversed and cause remanded with leave to defendant to amend his answer if so advised. *Goode, J.,* concurs in the reversal of the judgment, but not in the ruling that the defendant may amend his answer and then prove orally that he was merely a trustee of the land and that the note was not to be paid until he sold it; the other judges concur in full.