BARNETT et al., Respondents, v. PEPPER, Executor, etc., Appellant.

St. Louis Court of Appeals, October 2, 1905.

1. AGENCY: Corporations. In an action on account for services rendered, where the defense was interposed that the defendant was acting for a corporation and not for himself, the evidence is examined and held sufficient to justify a verdict against the defendant.

2. PRACTICE: Irrelevant Testimony: Harmless Error. Where, in a trial before the court without a jury, incompetent evidence was introduced which does not appear to have influenced the trial judge in his finding of the facts, the error is harmless.

Appeal from St. Louis City Circuit Court.—*Hon. Horatio D. Wood,* Judge.

AFFIRMED.

*Smith P. Galt* for appellant.

*Daniel Dillon* for respondents.

(1)   Even if Christian Pepper, in having this work done, had claimed or assumed or said that he was acting for the warehouse company, he would be liable personally because he had no power or authority to represent the company in that matter, as shown by the witnesses for defendant.   An agent becomes personally liable in these cases, viz.:  First, where he makes fraudulent representation of his authority with intent to deceive; second, where he has no authority and knows it, but nevertheless makes the contract as having such authority; third, where, not having, in fact, authority to make this contract as agent, yet he does so under the bona fide belief that such authority is vested in him. Wright v. Baldwin, 51 Mo. 271; Furniture & Carpet Co. v. Crawford, 127 Mo. 364.   (2)   Where incompetent evidence is admitted, but its admission could not change the result, the judgment will not be disturbed.  Garesche v. Deane, 40 Mo. 168.   (3)   The judgment in this case is manifestly for the right party.   When this is the case the judgment will be affirmed, even though incompetent evidence was admitted.   Gardner v. Railroad, 35 Mo. 100; Burkholder v. Henderson, 78 Mo. App. 295-6; State ex rel. v. Jones, 131 Mo. 204; Hume v. Brelsford, 51 Mo. App. 664-5.   (4)   This court will not reverse unless satisfied that error was committed materially affecting the merits of the action.   Price v. Haiberle, 25 Mo. App. 207; R. S. 1899, sec. 865.

BLAND, P. J.—Plaintiff presented to the probate court of the city of St. Louis, the following demand for allowance against the estate of Christian Pepper, deceased:

"Christian Pepper, to Barnett, Haynes and Barnett, Dr.
"May 30.   To architectural work and services in mak-

ing preliminary studies, synoptical specifications, measurements and approximate estimates for changing and altering the building on the southeast corner of Twelfth and Market streets in the city of St. Louis, Missouri, into a hotel, or in other words, into a building adapted to hotel purposes and to be used as and for a hotel..................$1,500."

The allowance of the demand was not resisted in the probate court and it was duly probated against the estate. From this judgment of the probate court, Pepper's executor appealed to the circuit court, where, on a trial *de novo,* the court sitting as a jury rendered judgment for plaintiffs for the full amount of the demand. From this judgment the executor appealed to this court.

It is conceded by the appellant that the services sued for were rendered by the respondents and that they are reasonably worth the amount claimed ($1,500). The contention of appellant is that the services were not rendered for Christian Pepper but were rendered for the Christian Pepper Tobacco Company, a corporation of which Christian Pepper was the president and in which he held seven-eighths of the shares of the capital stock of the corporation.

The evidence shows that the Christian Pepper Tobacco Company owned a warehouse situated on the corner of Twelfth and Market streets in the city of St. Louis; that some months prior to the preparation of the plans and specifications in question, Nicholas M. Bell, vice-president and general manager of the corporation, called the attention of one of the respondents to the warehouse as a desirable location for a hotel. Whether or not the respondents acted on Bell's suggestion is not shown by the evidence nor does it appear from any evidence in the record that they knew the property was owned by the corporation prior to or at the time the plans and specifications were prepared. The evidence shows that they worked out the scheme for converting the warehouse into a hotel and submitted the

scheme with the plans and specifications to Christian Pepper; that two interviews between plaintiffs and Pepper were had in respect to the plans and specifications.

Edward A. Steininger, a builder, testified that he was present at both of these interviews between Christian Pepper and one of the plaintiffs, and that they took place in Pepper's office. In the first interview, the feasibility, cost, etc., of changing the warehouse into a hotel were discussed. At this interview, the witness states that Mr. Barnett, one of the plaintiffs, presented a set of drawings and specifications for converting the warehouse into a hotel to Mr. Pepper for his consideration; that they were laid out on a table and examined. The specifications were gone over by Barnett and Pepper and Pepper suggested alterations by which more room could be obtained and also suggested some changes in the light shaft and requested Barnett to alter the plans to conform to his (Pepper's) suggestions and then re-submit them and it was then agreed that witness should make an estimate of the cost of the alterations after the changes had been made in the plans and specifications. The witness further testified that after the plans and specifications had been changed to suit the views of Mr. Pepper, and after he (witness) had made an estimate of the cost of the alterations, a second interview was had with Mr. Pepper and the plans and specifications as altered were submitted to him for his approval; that the plans and specifications and all the details were again gone over by Mr. Pepper and Barnett and the rental basis of the hotel was discussed; that a synoptical list of the items was submitted also. This list was identified and filed as an exhibit in the case. It was headed as follows: "Synoptical list of items included in following estimate of hotel alterations, Twelfth and Market streets, for Mr. Christian Pepper." This list was typewritten and witness testified it was carefully gone over by Mr. Pepper; that after the whole matter had been discussed and examined, Mr. Pepper said to

Barnett: "Now I will have to submit this, and now in case this work shall not proceed, what will your charges be?" That Barnett replied: "One per cent on the estimated cost of the alterations." That Pepper then turned to witness and asked him what his charges would be. Barnett spoke up and said: "I will take care of his portion of the work providing the work does not proceed." That Mr. Pepper then asked the witness if that was all right and witness answered "Yes." Witness testified that Pepper did not say to whom or to what board he would have to submit the matter and made no objection to the charge of one per cent for the plans and specifications if the work of alteration should not proceed. The evidence shows that the plans and specifications were never submitted to the board of directors of the corporation; that the board did not meet for several years immediately preceding Mr. Pepper's death. Two sons of Christian Pepper, both members of the board of directors, of the corporation, were present at one of the meetings between Barnett and Christian Pepper but neither took any part in the discussion of the matter then under consideration.

The plaintiff, over the objection of the defendant, offered in evidence what purported to be a survey of the ground floor of the warehouse, marked as having been made at the request of Christian Pepper. When or by whom the survey was made, neither the survey nor any evidence in the record shows. The defendant offered some countervailing evidence not necessary to be set forth as the appellant relies upon the insufficiency of the plaintiffs' evidence for a reversal of the judgment.

There is no direct evidence that Christian Pepper employed the plaintiffs as architects to work out the scheme and prepare plans and specifications for converting the warehouse into a hotel, but the evidence shows that plaintiffs worked out the scheme and prepared the plans and specifications and procured an estimate on the cost of changing the warehouse into a hotel

and submitted the whole to Christian Pepper; that the plans and specifications did not come as a surprise to Mr. Pepper, but that he took them up with Barnett and after carefully considering them, suggested that certain changes be made; that the respondent made these changes and resubmitted the plans and specifications to Mr. Pepper who again went over them carefully and tacitly approved of them and tacitly agreed to pay for them if the work of alteration should not be undertaken. The evidence shows that Mr. Pepper never submitted the plans and specifications to the board of directors of the corporation that owned the building and that the work of alteration was never undertaken. In the light of this evidence and in view of the fact that Christian Pepper owned seven-eighths of the capital stock of the corporation, we think the inference can be fairly drawn that he, individually, set on foot the scheme for the alterations and employed plaintiffs as architects to work them out. The learned trial judge so found and we think his finding is supported by substantial evidence.

2. The survey which was admitted in evidence over the objection of appellant was not an official survey. It was not shown by whom it was made, at whose request it was made or for what purpose it was made. For these reasons the survey possesses no probative force whatever, no more force than a blank piece of paper and it should have been excluded as evidence. It was not used by the plaintiffs in the preparation of the plans and specifications; it furnished no connecting link in the evidence in the case and we cannot believe that it had the least influence on the learned trier of the facts in reaching his conclusion on the issues of fact made by the pleadings; and as the court correctly declared the law of the case and as we are unable to see that a different result would be reached if this piece of incompetent and irrelevant evidence should be excluded, the error in admitting the survey as evidence must be regarded as non-

prejudicial. [Moore v. Montcastle, 72 Mo. 605; Sheen v. Stackhouse, 10 Mo. App. 1. c. 473.]

The judgment is affirmed. All concur.